**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STEVEN E. PARKER, | ) | 3:12-cv-00429-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| LORAL LANGEMEIER, WILLIAM MATTOX, | ) | |
| MANNA PROPERTIES, LLC, and AR | ) | |
| RESIDENTIAL RESTORATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Before the court is the defendants' partial motion to dismiss (#28) made pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Plaintiff has opposed (#29), and defendants have replied (#30).

    In his first amended complaint filed on February 12, 2012, plaintiff Steven Parker ("plaintiff") asserts that defendants failed to pay two promissory notes upon their maturity in 2008, one made to defendant Manna Properties ("Manna") and the other made to defendant AR Residential Restoration, Inc. ("AR"). Defendants William Mattox ("Mattox") and Loral Langemeier ("Langemeier") are alleged to be managers of Manna; Langemeier is additionally alleged

1

to be the president of AR. The complaint asserts three causes of action: (1) breach of contract as to the Manna note; (2) breach of contract as to the AR note; and (3) fraudulent inducement. Defendants move to dismiss plaintiff's claim of fraudulent inducement as insufficiently pled and all claims asserted against the individual defendants on the basis that they are not personally liable for payment of the notes.

In his opposition, plaintiff has agreed to withdraw his fraudulent inducement claim as to defendant Mattox. (Pl. Opp'n 13 n.5). Accordingly, the defendants' motion to dismiss the fraudulent inducement claim against Mattox is **GRANTED** and that claim is **DISMISSED WITHOUT PREJUDICE**. In all other respects defendants' motion to dismiss (#28) is **DENIED WITHOUT PREJUDICE** to renew as a motion for summary judgment at the close of discovery.

IT IS SO ORDERED.

DATED: This 24th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE